## SMITH ET AL. vs. IVEY.

[APPLICATION TO PROBATE COURT TO SUBSTITUTE RECORD OF DEED DESTROYED BY FIRE.]

1. *Courts, proceedings of, during the war; may be substituted.*—The lost records of deeds and other proceedings of the courts, in this State, made during the late war, may be established and substituted under the act of the general assembly, entitled "an act to authorize the substitution of lost records of judgments, and decrees of courts, and other records," approved January 18, 1866.—(Pamph. Acts 1865, 1866, p. 48, Act No. 18.)

APPEAL from Probate Court of Conecuh.
Tried before Hon. A. W. JONES.

The facts are sufficiently stated in the opinion.

Smith et al. v. Ivey.

MARTIN & SAYRE, for appellant.—Recording the deed could not possibly aid "rebellion," or harm the United States. It falls within those acts which all civilized nations uphold, even when done by conquered enemies, in the interest of peace and good order. The necessity ought to be strong which would make the court organize anarchy by deciding that no man in Alabama, during the war, had authority to record a deed. If there was no judge who could record a deed, there was none who could lawfully do any thing else.

For aught that appears in the petition, the probate judge who recorded the deed, may have held over under a new election, and not entered into the war, when even under *Chisholm v. Coleman*, 43 Ala. 204, the probate judge would have been competent.

S. J. CUMMING, *contra*.—What the appellants call *a record* of the deed, was made and done in 1864, and by a person who signs the certificate of record, as judge of probate of Conecuh county at that time.

This court having decided that there were no legal court in Alabama, and no legal judges, during the Confederacy, it follows that there was no legal record of the deed ever made.

There being no legal record of court, it could not be substituted under this statutory proceeding. The statute only applies to legal records, made in legal courts, by legal judges.

PETERS, J.—This is a proceeding in the court of probate of Conecuh county to substitute the record of a deed, alleged to have been destroyed, under the provisions of the act of the general assembly of this State, entitled "an act to authorize the substitution of lost records of judgments and decrees of courts, and other records," approved January 18, 1866.—(Pamph. Acts, 1865, 1866, p. 48, Act No. 18.) It is alleged in the notice of the application, that the deed was "received for record and recorded" on the 29th

day of September, 1864, by "John M. Henderson, judge."
The notice was otherwise sufficiently regular and avers all
the facts necessary to give jurisdiction. There was a
demurrer to the notice, and three principal causes of de-
murrer were assigned; but as they all raise the same ques-
tion in different forms, only the first will be set out and
discussed. It is in these words : "1. There was no law-
ful probate court in the county of Conecuh, Alabama, at
the time said petition (notice) alleges that said deed was
recorded." This demurrer was sustained by the court
below, and the application was dismissed with costs.
From this judgment the petitioners in the court below,
who are the appellants in this court, bring the case here by
appeal.—(Pamph. Acts 1865, 1866, p. 48, Act No. 18, § 4.)

A demurrer admits all the facts properly stated in the
pleading objected to.—(1 Chitt. Pl. p. 661, 662, and Notes,
4th Amer. Ed. by Perkins.) Then, it is admitted in this
case, that the deed in controversy "was probated and re-
corded in the office of the judge of probate of said county,
(Conecuh,) by the then judge of said probate court, (of
Conecuh county,) on the 29th day of September, A. D.,
1864 ;" and that since said record was so made, "all the
records of the probate court of said county of Conecuh
were destroyed by fire, on or about the 10th day of Novem-
ber, 1866, including the records of wills and deeds of said
probate court." The question then raised by the demurrer
in this case is this : Did the general assembly, in the act
above referred to, intend to include such a record as the
one mentioned in the notice in this cause ? I think it did.
The language of the act very clearly shows this. It is in
these words :

"SEC. 5. *Be it further enacted,* That in case of the loss or
destruction of the records of decrees, deeds and other
papers, *required by the laws of this State to be recorded,* in
the office of the courts of probate, the judge of such court
shall have the same authority as is conferred in the pre-
ceding sections upon the circuit and chancery courts to
establish and substitute such records of deeds, decrees and

other papers; and all papers and deeds which may have been recorded in his office according to law, the record of which has been lost or destroyed, may be recorded anew, upon which said record said judge of probate shall also enter all such indorsements or certificates as may have been attached to said papers or deeds by the former presiding officer; and said records, when so made, shall have the *same* force and effect as the original records, which were lost or destroyed. And for the services herein directed, the probate judge shall receive such compensation, and which shall be paid in such manner as the court of county commissioners may allow and direct."—Pamph. Acts 1865, 1866, p. 48, 49, § 5, Act No. 18.)

The language of the act above quoted is quite broad enough to include the deed involved in this case, as in any other. It was an instrument required to be recorded in the office of the court of probate. It was so recorded and the record, such as it was, was destroyed. Such a proceeding was not necessarily a nullity. It has not been so declared by this court, or by any branch of the State government.—(*Martin v. Hewett*, 44 Ala. 418.) This case is not like that of *Chisholm, Comptroller, v. Coleman*, 43 Ala. 204. In this latter case, the facts alleged in the petition, admitted the incompetency of the officer claiming to be judge. Here, the allegation is the other way. The cases, then, are not the same in fact or in principle. Besides, the legislature evidently saw the necessity of protecting and perpetuating the records of the rebel courts, so far as this could be done, to the same extent as if they had been legal tribunals. The language used by them certainly goes to this extent, and we feel that it is necessary and proper, as a remedial statute, to give it that construction. *Ubi lex specialis, et ratio ejus generalis, generaliter est accipienda.* (2 Just. 43, 83; Dwarris, 735, 711; *The Mayor, &c., of New York v. Lord*, 18 Wend. 131; *Thompson v. The State*, 20 Ala. 54; *United States v. Babbet*, 1 Black. 61; *Gelpcke v. Dubuque*, 1 Wall. 220; also, *Shiver's Ex'r v. Shiver, et al.*

The judgment of the court below is reversed and the

cause is remanded for further proceedings in that court in conformity with this opinion. The appellee will pay the costs of this appeal in this court and in the court below.