# City of Montgomery *v.* Royal Exchange Assurance Corporation of England.

*Action to Recover Tax.*

(Decided May 28, 1912.   59 South. 508.)

1. *Constitutional Law; Validity; Who May Question.*—A municipality cannot attack the validity of an act on the grounds that it discriminates against foreign insurance companies, as it is not within the class to be discriminated against, and hence, cannot raise the unconstitutionality of General Acts 1911, p. 163, which imposes a privilege tax on fire insurance companies.

2. *Statutes; Partial Invalidity; Effect.*—If the provisions of General Acts 1911, p. 159, which discriminate against foreign companies, are unconstitutional, this would not affect the validity of the provision relative to the imposition of license or privilege tax by municipal corporations, since the two provisions are separable; and this is especially true in view of the express provision of section 34 of said act that if any section is declared unconstitutional, it shall

[City of Montgomery v. Royal Exchange Assurance Corp. of England]

not affect the remaining sections, the word "section" not necessarily meaning separately numbered clauses, but any clauses treating of different matters.

3. *Same; Title; Expressing Subject.*—Section 45, Constitution 1901, excepts from its requirements that the subject of the act must be expressed in tue title, all revenue laws, and all the terms and provisions of General Acts 1911, p. 159, are germane to the titile within the above exception.

4. *Same.*—A bill for raising revenue may contain any provision pertinent or germane thereto, whether expressed in or covered by the title or not.

5. *Same.*—It is entirely competent for the legislature to provide in revenue bills, not only for the rates of taxation, but for all useful and similar regulations as to taxes by subordinate divisions of the state government, and hence, section 4, General Acts 1911, p. 159, limiting the power of municipal corporations to impose a license or privilege tax on insurance companies, is pertinent and germane to the subject of a general revenue bill.

6. *Same; Amendment; Constitutional Requirement.*—Section 45, Constitution 1901, in its provision as to amendment has no application to statutes original in form and not purporting to amend any other statute, and hence, section 4 General Acts 1911, p. 159, is not invalid, as amending section 1339, Code 1907, without re-enacting and publishing it at length.

7. *Taxation; Equality; Discrimination.*—The provisions of General Acts 1911, p. 159, which discriminate between domestic and foreign insurance companies, are not unconstitutional, and there is a good ground for the distinction in the fact that the domestic companies pay tax on their property or shares while the foreign companies do not.

8. *Insurance; Control and Regulation.*—The state may impose any stipulation it pleases as a condition upon which foreign insurance companies may do business in this state.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Action by the Royal Exchange Assurance Corporation of England against the City of Montgomery to recover $400 paid under protest, as a privilege or license tax for doing business in the city. Judgment for plaintiff and defendant appeals. Affirmed.

C. P. McINTYRE, J. T. LETCHER, and JOHN V. SMITH, for appellant. Section 4, General Acts 1911, p. 159, is unconstitutional. 1st, because it is violative of the principle that when a tax is imposed on vocations or

privileges or franchises, it must be equal.—Desty on Taxation, Sec. 36; Cooley on Taxation, sec. 378; *Delena R. R. Tax Case,* 18 Wall 206; *City of New Orleans' Case,* 29 La. Ann. 288; *Durachs' Appeal,* 62 Pa. St. 491; *Phenix C. Co.'s Case,* 118 Ala. 143; *So. C. & F. Co. v. The State,* 133 Ala. 629; *Moog v. Randolph,* 77 Ala. 602; *Pollard v. The State,* 65 Ala. 628; *L. & N. v. The State,* 25 Ind. 177, *Clark, et al. v. Mobile,* 67 Ala. 217; *So. Ry. v. Green,* 216 U. S. 536. It is also unconstitutional as violative of section 45, in that the matter of municipal taxation is not germane to the title.—*So. Ry. v. Mitchell,* 139 Ala. 629; *N. O. M. & C. R. R. Co. v. Dunn,* 51 Ala. 128; *Black v. The State,* 144 Ala. 92; *Carpenter v. Joiner,* 151 Ala. 455; *Hamm v. The State,* 156 Ala. 645; *Kennamer v. The State,* 150 Ala. 74. The act is also unconstitutional as it amends or repeals section 1339, Code 1907, without referring to said section.—*Ex parte Cowart,* 92 Ala. 100; Section 45, Const. 1901.

TILLMAN, BRADLEY & MORROW, for appellee. If the act in question is constitutional it determines the power of municipalities to fix taxes as to insurance companies.—*Douglass v. City of Anniston,* 104 Ala. 291; *Bir. v. So. Ex. Co.,* 164 Ala. 529. It is conceded that the act is a General Revenue Bill, and if it is not conceded, an inspection of its provisions will demonstrate that it is.—*So. Ry. v. Mitchell,* 139 Ala. 629. It may, therefore, be said that the question raised by the record is res integra in this state.—Cooley Const. Lim. (7th Ed.) p. 202; *So. Ry. v. Mitchell, supra.* The general purposes of the act as disclosed by its title renders the provision referred to and complained of germane and pertinent.—*Bir. v. So. Ex. Co.,* 164 Ala. 539. These statutes have in effect been passed upon, in considering similar statutes under former constitutions containing

similar provisions, and it must be presumed that the interpretation there placed on them was re-enacted, when the statutes were passed.—*Ex parte John Hardy,* 68 Ala. 318; *Cooper M. Co. v. Ferguson,* 113 U. S. 727; *Farrior v. N. E. M. Co.,* 88 Ala. 729; *Moog v. Randolph,* 77 Ala. 606; *Ex parte Selma & G. R. R. Co.* 45 Ala. 696. If the discrimination alleged is invalid as to foreign corporations, such invalidity does not affect the question here involved.—*Kentz v. City of Mobile,* 120 Ala. 634; *Harper v. The State,* 109 Ala. 28; *State v. Davis,* 130 Ala. 148. The attack is on the proviso, and if the proviso is unconstitutional, it may be stricken, thus leaving the act constitutional.—*Hale v. McGattigan,* 45 Pac. 1049; *State v. Santee,* 82 N. W. 445. The city has no right to raise the constitutional questions involved. —*Norwood v. Goldsmith,* 168 Ala. 224; *C. of G. v. Sims,* 169 Ala. 295; *So. Ry. v. King,* 217 U. S. 524. The tax complained of is an occupation and not a property tax, and hence, does not violate the provision of our constitution relative to uniformity.—*Phenix Co. v. The State,* 118 Ala. 143. Corporations in one state have no right of recognition in another state, as a general rule, and hence, the states into which they enter may prescribe the conditions of their entry.—*Paul v. Virginia,* 8 Wall. 168; *Augusta v. Earle,* 13 Peters 586; *So. Ry. v. Green,* 160 Ala. 396; *Continental I. Co. v. Parks,* 142 Ala. 650; *Doyle v. Ins. Co.,* 94 U. S. 535.

DE GRAFFENRIED, J.—This appeal involves the single question of the constitutionality of subdivision 4 of the Revenue Act (page 163 of the General Acts of 1911). This act was approved March 31, 1911. We set out below so much of the subdivision as we deem necessary to a proper understanding of the following opinion :

"Sec. 4. Every insurance company, except fraternal, doing business in this state, which files a statement as required by section 4556 of the Code, shall at the same time pay to the insurance commissioner the following amounts, that is to say: Each fire insurance company shall pay one and one-half dollars on each one hundred dollars of the gross premiums received, less the premiums returned by cancellation, by it in this state, and every other insurance company shall pay two dollars on each one hundred of the gross premiums so received in this state, during the year ending on the 31st of December preceding, as a tax for doing business in this state, and no credit or deduction of any kind shall be allowed or made on account of the cost of reinsurance taken by such company in a company not authorized to do business in this state; provided, that the domestic insurance companies shall pay only one dollar less said return premiums on each one hundred dollars of gross premiums so received by it in this state, and any such domestic company paying a tax on its property or shares may deduct the same from this tax. Any insurance company failing or refusing to make return as required by law, or failing or refusing to pay the tax herein levied, shall be liable to a penalty in double the amount of such tax. After the year 1911, no license or privilege tax or other charge for the privilege of doing business, shall be imposed by any municipal corporation upon any fire or marine insurance company doing business in such municipality, except upon a percentage of each one hundred dollars of gross premiums, less the premium returned by cancellation, on policies issued during the preceding year in such municipalities; provided, that such percentage shall not exceed four dollars on each one hundred dollars and major fraction thereof of such gross premiums; provided, however, that

any municipality may charge a flat minimum license at the beginning of each year for new companies doing business therein on which there shall be an adjustment at the expiration of such year upon such percentage basis as may be fixed by said municipality; and provided further, that such percentage shall not exceed four per cent. of the gross premiums collected, less return premiums received by such companies on policies issued during the preceding year in such municipality."

In order that our opinion may be clearly understood, we call attention to the following: The above section provides for an annual privilege tax on fire insurance companies of $1.50 on each $100 of gross premiums received, less premiums returned by cancellation, and on other insurance companies of $2 on each $100 of gross premiums received during the year ending the 31st of December preceding. Provision, however, is made in said section that domestic insurance companies shall pay $1, instead of $1.50, on each $100 of gross premiums received, less premiums returned by cancellation; and the section also provides that such domestic insurance companies paying a tax on their property or shares may deduct the amount of such tax from the privilege tax.

The above section also provides that *after* the year 1911 no license or privilege tax shall be imposed by any municipality on fire or marine insurance companies doing business in the municipality, except upon a percentage of each $100 of gross premiums, less premiums returned by cancellation on policies issued during the preceding year, and limits such percentage to $4 on each $100 and major fraction thereof of such gross premiums.

The city of Montgomery, notwithstanding the provision in said section to which we have last above referred,

imposed a privilege tax, under the provision of section 1339 of the Code of 1907, on the appellee, amounting to $400. The said privilege tax of $400 was paid by appellee under protest, and this suit was brought to recover the same as an illegal exaction.

The complaint in the case properly and sufficiently alleges the history of the transaction, and rests the right of appellee to recover said sum upon the validity of the provision of said fourth section of the act, above quoted, limiting the municipal tax to 4 per cent. of gross premiums, less premiums returned by cancellation, and alleges that the tax so levied and paid was in excess of the amount authorized by the provisions of said section 4 to be levied by the municipality, and in violation of the terms of said provisions, if the same were constitutionally enacted and a constitutional exercise of legislative power. The only question, therefore, before us, is the validity of said limitation of municipal taxes in said subdivision 4, above quoted in full by us.

The appellant attacks the said provision as void on three grounds: (1) That it provides for taxation which is unequal and not uniform; (2) that it violates section 45 of the Constitution, in that its subject is not covered by the title of the act; (3) that its effect is to repeal section 1339 of the Political Code without making any reference to such section, and without re-enacting and publishing at length the portions of said sections not affected or repealed by such act.

First. Taking up the first objection, the appellant admits that sections 211 and 217 of the Constitution have no application to taxation of privileges, such as is here involved, but base this objection on the general equity of uniformity and equality of taxation. The appellant insists that, because the provision of the act now under consideration requires *foreign* insurance compan-

ies to pay 1½ per cent. on gross receipts, less canceled premiums, and only requires *domestic* insurance companies to pay 1 per cent. on such premiums, there is an unconstitutional discrimination against *foreign* companies, which the *city of Montgomery* can *plead* for such *foreign* insurance companies, with the view of clearing the way to *its* higher taxation against the same *foreign insurance* companies under section 1339 of the Code. One who is not within the class affected by a statute cannot attack its constitutionality.—*Grenada Lumber Co. v. Mississippi,* 217 U. S. 433, 30 Sup. Ct. 535, 54 L. Ed. 826; *Central of Georgia Railway Co. v. Sims,* 169 Ala. 295, 53 South. 826. And the appellee, replying to this argument, says the discrimination, if it does exist, exists *only* in favor of the *state,* the *municipal* tax being the same against foreign and domestic companies, and that the appellant cannot set up the objection for the state or for the foreign insurance companies.—*Shehane v. Bailey,* 110 Ala. 308, 20 South. 359; *Jones v. Black,* 48 Ala. 540; *Dorman v. State,* 34 Ala. 216; *State, etc., v. Gunter,* 170 Ala. 165, 54 South. 283; *Southern Ry. Co. v. King,* 217 U. S. 524, 30 Sup. Ct. 594, 54 L. Ed. 868; *Central of Georgia Ry. Co. v. Sims, supra.*

The other clause imposing the state tax, with its proviso that domestic corporations shall pay at a less rate than foreign companies, is separable from the clause, limiting municipal taxes, and might, therefore, fail in toto, or as to the proviso, without affecting the independent clause regulating municipal taxes. This view is emphasized by the Thirty-Fourth section of the act in question, which provides in express terms that the failure of any section of the act shall not affect the remaining portions of the act. The word "section," in the connection in which it is used in the act, evidently

refers to clauses which treat of different matters, so as to be separable in application and meaning, and not to the separate numbered clauses in the act. As was said by the Supreme Court, in *Kentz v. City of Mobile*, 120 Ala. 634, 24 South. 955 (a case cited and quoted from by counsel for appellee in their brief), "where, therefore, a part of the statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. The constitutional and unconstitutional provisions may be contained in the same section, yet be perfectly distinct and separate, so that the first may stand, though the last fall. * * * If, when the unconstitutional provision is stricken out, that which remains is complete in itself, and capable of being executed according to legislative intent, wholly independent of that which was rejected, it must be sustained."—*Satcher v. Satcher*, 41 Ala. 26, 91 Am. Dec. 498; *State v. Davis,* 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23; *Harper v. State*, 109 Ala. 28, 19 South. 857.

The first part of section 4 of the act in question—the part now under consideration—is, in reality, but an amendment of section 2089 of the Code of 1907, as amended by an act entitled an act "To amend section 2089 of the Code of Alabama, 1907," approved August 31, 1909 (General Local Acts, Special Session 1909, p. 337) ; the change effected being to add the clause: "Provided, that domestic insurance companies shall pay only one dollar, less said return premium, etc. It is this particular proviso that enacts the alleged unconstitutional discrimination set up by appellant.

If this objection was set up by a party competent to plead it, and if it was well taken, it is evident that its only effect would be to strike down the proviso and leave the remainder of the act intact.—*State v. Kidd*, 125 Ala. 413, 28 South. 480; *Hale v. McGettigan*, 114 Cal. 112, 45 Pac. 1049; *State v. Santee*, 111 Iowa, 1, 82 N. W. 445, 53 L. R. A. 763, 82 Am. St. Rep. 489.

It does not appear, however, that the Legislature is restricted by any constitutional provision in the imposition of such taxes, so as to make this provision of the act unconstitutional. The domestic company pays taxes on its property or shares, while the foreign company does not; and there is therefore good ground for this particular distinction between foreign and domestic corporations.—*Kidd v. Alabama*, 188 U. S. 730, 23 Sup. Ct. 401, 47 L. Ed. 696; *State v. Kidd*, 125 Ala. 413, 28 South. 480.

Independent of this, the state may exact any stipulation it pleases as a condition for foreign insurance companies to do business in the state.—*Paul v. Virginia*, 2 Wall. 168, 19 L. Ed. 357; *Doyle v. Insurance Co.*, 94 U. S. 535, 24 L. Ed. 148; *Continental Ins. Co. v. Parker*, 142 Ala. 650, 39 South. 204.

The doctrine announced by the Supreme Court of the United States, in the case of *Southern Railway Co. v. Greene*, 216 U. S. 400, 30 Sup. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247, referred to by counsel for appellant in their brief, in no way conflicts with the views above expressed. In that case, the Southern Railway Company had been invited into the state, and had made large investments in property in the state, and as a common carrier of freight and passengers it was conducting a business which required the ownership, control, and use of that property. Under such circumstances, the Supreme Court of the United States held

that the foreign domicile of the corporation had nothing to do with its rights in the state; and that it was entitled to be treated as a domestic corporation doing a similar business. In the opinion in that case, the court carefully distinguished the rights of such a corporation from those where the foreign corporation has a limited license, which it seeks to renew, and which has no business in the state of a permanent character, requiring for its successful prosecution the ownership and use of a large amount of permanent property situated within the state. See further, on this subject, *Western Union Telegraph Co. v. Kansas*, 216 U. S. 51, 30 Sup. Ct. 190, 54 L. Ed. 355.

We are therefore of the opinion that the objection urged by appellant to the constitutionality of said subdivision 4 and the proviso under consideration, on the ground of discrimination and want of uniformity in the tax, is not well taken.

Second. As to the objection founded on the title of the act, we think it clear that the entire subject of legislation in the act is germane to the title; and that the act, in all its terms, is within the scope of the subdivision of section 45 of the Constitution in favor of revenue bills.

It is not necessary for us to consider the question as to whether or not a matter entirely foreign to a revenue bill may be incorporated into the body of the bill and be enacted into law with that title. That question, as we understand this record, is not before us. We do, however, hold that it is competent "to embody in a revenue bill any and all provisions for the raising of revenue, or pertinent or germane thereto, whether expressed in or covered by the title or not."—*Southern Railway Co. v. Mitchell*, 139 Ala. 629, 37 South. 85.

And under this view we hold that it was clearly competent for the Legislature, as has long been its custom, in providing for taxes for the state revenue, at the same time and in the same law, to prescribe and limit taxes against the same subjects of taxation by any of the branches of the state government intrusted with the power of levying taxes, such as counties, cities, and towns. The above power is a necessary function of the supreme government. It is its business to adjust all the burdens of taxation on and against property and persons and privileges; and this cannot be done without prescribing its own taxes and the levies of all subordinate divisions of governmental authority, so that every subject of taxation may, at the same time, contribute its just share of revenue and be protected from oppression. It therefore seems clear that it is thus entirely pertinent and germane to the subject of a general revenue bill to limit and prescribe municipal taxes against the subjects embraced in such bill for the state and county taxes.

It is entirely competent for the Legislature to provide in revenue bills, not only for rates against the subjects of taxation, but to provide all the machinery to make the assessment and collection effective in every respect, and to enact all useful and similar regulations as to the taxes of subordinate divisions of the state government, so as to make the whole system composite, homogeneous, and just in its operation.

Third. The third objection of appellant, that the effect of said section 4 of the act under consideration is to repeal section 1339 of the Code without making any reference to said section, and without re-enacting and publishing at length the portions of said section 1339 not affected or repealed, and that it is therefore violative of the last clause of section 45 of the Consti-

tution, is without merit. It has been repeatedly held that the requirement of section 45 of the Constitution concerning amendatory statutes has no reference to statutes which are original in form and structure, notwithstanding they may amend or repeal other statutes by their necessary effect. "That provision has been repeatedly held to apply to statutes strictly amendatory, and not to such as are independent and complete within themselves."—*City Council of Montgomery v. Birdsong,* 126 Ala. 632, 28 South. 522; *State v. Davis,* 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23; *Ex parte Pollard,* 40 Ala. 77.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.