# STATE v. WILLINGHAM.

MUNICIPAL CORPORATIONS—ORDINANCES—INTERSTATE COMMERCE—
    TAXATION—LICENSES—CONSTITUTIONAL LAW.

1.  A municipal ordinance, requiring any person selling, vending,
    or retailing goods, wares, or merchandise, to take out a license
    therefor, unless he be a merchant, paying an annual tax upon
    his goods, or a traveling agent, selling exclusively by sample,
    or otherwise, to regular merchants doing business in the city,
    is void as in conflict with the interstate commerce clause of
    the Federal Constitution, when enforced against an agent of
    a manufacturer of goods in another State, engaged in deliv-
    ering goods of the manufacturer, to persons not regular
    merchants, and collecting the prices thereof, upon orders
    solicited previously by agents.

2.  Such an ordinance is not void as in conflict with the pro-
    visions of the State constitution that all taxation shall be
    equal and uniform.

3.  A company engaged in the business of making portraits and
    picture frames in Chicago, in the State of Illinois, had through
    its agents solicited orders in Cheyenne, this State, from
    persons not regular merchants, and the portraits and frames
    were subsequently shipped from Chicago to Cheyenne, con-
    signed to the company, and were being delivered by an agent
    of the company and the prices collected. The agent was
    arrested, charged with the violation of an ordinance forbid-
    ding any person from selling goods without first paying a
    license, unless he should be a merchant, paying an annual
    tax upon his goods, under the revenue laws of the city, or a
    traveling agent, selling exclusively to regular merchants in
    the city. *Held*, that the goods were the subject of interstate
    commerce, and the arrest of the agent was not authorized
    by law.

[Decided November 15, 1900.]

RESERVED questions from the District Court, Laramie
County, HON. RICHARD H. SCOTT, Judge.

The facts in this case were stated by Mr. Justice Corn,
who delivered the opinion of the court, as follows:

The defendant was convicted before a justice of the peace of a violation of an ordinance of the city of Cheyenne, entitled, "An ordinance concerning city licenses," and sentenced to pay a fine of $50 and costs. The ordinance is as follows:

"Section 1. That any person or persons, company or corporation, who shall, directly or indirectly, keep a store, or sell, vend, or retail any goods, wares, or merchandise, without being first duly authorized by a license, as hereinafter provided, the person or persons, company or corporation, so offending, shall be fined in any sum not less than fifty dollars, nor more than one hundred dollars; *Provided*, this ordinance shall not be construed to apply to the sale of goods, wares, or merchandise, by merchants or other persons, who pay an annual tax upon such goods, wares, or merchandise, assessed according to the revenue laws of this city; *Provided*, further, that this ordinance shall not apply to traveling agents, who sell exclusively by sample or otherwise, to regular merchants doing business in this city.

"Sec. 2. That from and after the passage and approval of this ordinance any person or persons, company or corporations, not paying an annual tax as hereinbefore provided, shall pay a license of twenty-five dollars per month; *Provided*, that no license shall be issued for less time than one month."

It appears that the defendant, as agent of the Chicago Portrait Company, a concern engaged in the business of making portraits and picture frames in Chicago, solicited orders in Cheyenne; and the portraits and frames ordered were subsequently shipped from Chicago to Cheyenne, being consigned to the Chicago Portrait Company. The defendant was engaged in delivering them to his customers and collecting the prices agreed upon at the time the orders were given, when he was arrested. The company had no place of business in the State of Wyoming, and was doing business in this State only as was being done by Willingham at the time of his arrest. The persons to

whom said portraits and frames were delivered were not regular merchants doing business in the city of Cheyenne paying taxes to the city, and the defendant had no license. He appealed to the District Court, which has reserved certain questions for the decision of this court. The questions are very long, and the substance of them is sufficiently stated in the opinion of the court.

*W. R. Stoll*, for the defendant.

The defendant was engaged in interstate commerce, and as applied to him the ordinance is void. (Robbins v. Tax. Dist., 120 U. S., 489; Asher v. State, 128 U. S., 129; Stoutenburgh v. Hennick, 129 id., 141; Brennan v. Titusville, 153 id., 287; Clements v. Casper, 4 Wyo., 494; In re Spain, 47 Fed., 208; In re Mitchell, 62 id., 576; Ex parte Hough, 69 id., 330; Ex parte Holman (Tex.), 36 S. W., 441; State v. Scott (Tenn.), 39 S. W., 1; Talbutt v. State, 39 Tex. Cr. App., 64; State v. Lichtenstein (W. Va.), 28 S. E., 753; Baxter v. Thomas, 4 Okla., 605; State v. O'Connor (N. D.), 67 N. W., 824; State v. Rankin (S. D.), 76 N. W., 299; State v. Coop (S. C.), 30 S. E., 609; City of Laurens v. Elmore, 33 id., 560; In re Nichols, 48 Fed., 164; In re Tyerman, id., 167; Ames v. People (Colo.), 55 Pac., 725; Gibbons v. Ogden, 9 Wheat., 1; Brown v. Md., 12 id., 419; The Passenger Cases, 7 How., 283; Cooley v. Board, 12 id., 299; Almy v. People, 24 id., 169; Veazie v. Moor, 14 id., 568; Gilman v. Phil., 3 Wall., 713; R. R. Co. v. Pa., 15 id., 232; Welton v. State, 91 U. S., 275; Mobile v. Kimball, 102 U. S., 691; Ferry Co. v. Com., 114 id., 196; Brown v. Houston, id., 622; Cardwell v. Bridge Co., 113 id., 205, Walling v. People, 116 id., 446; Pickard v. Pullman C. Co., 117 id., 34; Ry. Co. v. People, 118 id., 557; Kennedy v. People, 49 Pac., 373.)

The ordinance violates our constitutional provision as to equality and uniformity of taxation. (Ames v. Peo-

ple, 55 Pac., 725; Buffalo v. Reamey, 55 N. Y. S., 792.)

CORN, JUSTICE (after stating the facts).

There are two principal questions presented in this case: First, whether the ordinance is void because in violation of the interstate commerce clause of the Constitution of the United States; and, second, whether it is void as in violation of the provision of Section 28, Article 1, of our State constitution that "all taxation shall be equal and uniform."

The principles which control the decision of the first question, with the authorities, were set out in a very clear and well-considered opinion by Chief Justice Groesbeck in the case of Clements v. The Town of Casper, 4 Wyo., 495. We do not deem it necessary to rehearse the reasoning of the court in that case. But since that decision was rendered the Supreme Court of the United States have again passed upon the question in a case where the facts were almost identical with those in the one before us. Brennan v. Titusville, 153 U. S., 289. In that case a maker of portraits and picture frames in Chicago had sent his agent into the State of Pennsylvania to solicit orders for pictures and picture frames by going personally to citizens and residents of that State. Upon receiving orders for pictures and frames the agent forwarded such orders to the manufacturer in Chicago, where the goods were made and shipped by him to the purchasers in Titusville, by railroad freight or express, the express companies or the manufacturer's agents collecting the price of the goods and forwarding the amounts to him at Chicago. The ordinance of the city of Titusville required that persons so employed in canvassing or soliciting in the city should procure a license from the mayor, paying therefor certain sums fixed by the ordinance: but providing that its provisions should not apply to persons selling by samples to manufacturers or licensed merchants or dealers residing and doing business in said city. After

examining the authorities the court decided that it must be held that the license tax imposed upon the defendant was a direct burden upon interstate commerce, and was, herefore, beyond the power of the State. Those decisions are controlling in this case, and the ordinance in question must be held to be void as in conflict with the interstate commerce clause of the constitution.

The second proposition, that the ordinance is void because in conflict with the provision of the constitution of this State requiring that "all taxation shall be equal and uniform," stands upon entirely different ground.

The sovereignty may, in the discretion of its Legislature, levy a tax on every species of property within its jurisdiction, or on the other hand, it may select any particular species of property, and tax that only, if in the opinion of the Legislature that course will be wiser. And what is true of property is true of privileges and occupations also; the State may tax all, or it may select for taxation certain classes and leave the others untaxed. Considerations of general policy determine what the selection shall be in such cases, and there is no restriction on the power of choice unless one is imposed by constitution. Cooley on Taxation, 570. In a number of the States it has been held that the constitutional requirement of equality and uniformity does not apply at all to the taxation of occupations, owing to the fact that the taxation of all occupations equally would work the greatest possible injustice and is impossible, in practice. But, if applicable at all, it does not deprive the Legislature of the power of dividing the objects of taxation into classes. It merely obliges the Legislature to impose an equal burden upon all those who find themselves in the same class. State v. Lathrop, 10 La. An., 402. To be uniform, taxation need not be universal. Certain objects may be made its subject, and others may be exempted from its operation, certain occupations may be taxed and others not; so some occupations may be taxed for a greater amount and others for a less, but as between the subjects of taxation in the same class,

there must be an equality. The State v. Poydras, 9 La. An., 168. As said in a Virginia case, "The requisitions of the constitution may be carried out by a uniform tax on licenses to persons following the same pursuit under the same conditions and circumstances; a difference therein will justify a discrimination in the tax." Slaughter v. Com., 13 Grat., 776; Ex parte Miranda, 73 Cal., 373; Cooley on Taxation (2d ed.), 169.

Tested by these rules, we are unable to perceive that the ordinance conflicts with the clause of the constitution in question. There is nothing unequal in classifying differently merchants who pay an annual tax upon their stocks of goods under the revenue laws of the city and those who pay no such tax. But upon the contrary, it seems to be an attempt to secure entire equality as nearly as may be by requiring each class to contribute its proportion to the fund necessary to defray the expenses of the city government. Nor is there anything unreasonable or unequal in exempting from this tax the traveling salesmen, who supply the regular merchants in whole or in part with their stock of goods upon which they pay taxes to the city. The distinctions between the two classes are apparent. The latter are, in a sense, the assistants and purveyors of the regular merchants; the goods sold by them pass at once into the stocks of the merchants to be assessed for taxation and any license fee required of them would operate in a measure as a double tax upon the merchants who buy from them, while the goods sold by the other class become at once the personal belongings of their customers and inevitably, in a great measure, escape taxation.

The foregoing is a sufficient answer to all of the voluminous questions presented for the consideration of the court, except the ninth and tenth, which may require a separate consideration. The substance of them is, Did the goods under the circumstances become a part of the general mass of property of this State upon their shipment to Cheyenne, and not the subject of interstate commerce,

and did the delivery of them by the agent constitute a sale?

The general rule is that, in the absence of special authority to bind his principal, the drummer can merely solicit and transmit the order, and the contract of sale does not become complete until the order is accepted by his principal. Up to that time the order is a mere proposal, and the place of the contract is where the proposal is accepted. Gill v. Kaufman, 16 Kan., 571; Burbank v. McDuffee, 65 Mo., 135; McKindly v. Dunham, 55 Wis., 515. From the statement of facts in this case, it appears that the portraits and frames were manufactured in compliance with the order, and shipped to Cheyenne for the purpose of being delivered to the persons ordering. This was an acceptance of the order, and it was an Illinois contract. The delivery of the articles to the persons ordering did not constitute a sale by the agent making the delivery, but the manufacture, shipment, and delivery of the goods were simply steps taken by the Chicago company in the performance of its contract. The shipment of them by the company to itself at Cheyenne had no greater significance than if they had been sent by the company from one of its warehouses to another in the city of Chicago. They were still the subject of interstate commerce, and the arrest of the agent was not authorized by law.

POTTER, C. J., and KNIGHT, J., concur.