STATE v. B. F. NELSON.[1]

March 12, 1909.

Nos. 15,743, 15,744—(39, 40).

**Right to Deduct Debts is Statutory.**

The right to deduct debts from credits is purely a statutory one, which the legislature may grant or withhold on such conditions as it deems proper. R. L. 1905, § 836, gives such right only upon the condition that the person claiming such deduction makes affidavit as therein provided. The defendant did not comply with the condition in this case.

**Taxation of Foreign Stocks.**

Sections 794, 797, R. L. 1905, providing for the taxation of all shares of stocks in foreign corporations owned by residents of this state, are constitutional.

**Stock Not Assessed Properly Excluded.**

The defendant was the owner of such stock, but it had never been listed or assessed in any manner for taxation. Held, that the trial court correctly excluded the omitted stock as a factor in determining the amount of the judgment herein for taxes on personal property.

Defendant was cited before the district court for Hennepin county to show cause why he should not pay the sum of $818.96, as taxes for the year 1906 upon his personal property. He made answer and the matter was tried before Brooks, J., who found in favor of the state in the sum of $447.85. From a judgment entered pursuant to the findings, both parties appealed. Affirmed on both appeals.

*Edward T. Young,* Attorney General, *Al. J. Smith,* County Attorney, and *W. C. Leary,* Assistant County Attorney, for the State.

*Wilson & Mercer,* for defendant.

[1] Reported in 119 N. W. 1058.

START, C. J.

Judgment was entered in the district court of the county of Hennepin in favor of the state and against the defendant, Nelson, in the sum of $447.85 for personal property taxes for the year 1906. Both parties appealed from the judgment.

There is little, if any, dispute as to the material facts, which are as follows: The defendant at all times herein stated was a resident of the city of Minneapolis and a citizen of this state and of the United States. He made no return that year of his personal property for taxation. Thereupon the assessor on June 12, 1906, listed for taxation as his personal property certain items of personal property, consisting of household goods, automobiles, carriages, and other articles, of the aggregate value of $3,735, as to which there is no controversy. The list contained no credits nor stocks. On July 5, 1906, the assessor, upon a separate list, listed other personal property for taxation as the property of the defendant, describing it as "credits other than of banks, bankers, brokers, or stock jobbers," and arbitrarily assessed and valued the same at $50,000. The defendant duly appeared and made timely objection to the second assessment. Thereupon the city board of equalization reduced the item of credits to $25,000, leaving the defendant's total assessment for personal property at $28,735, which, less the exemption of $100, was the basis of his personal property taxes, for the year 1906, $744.51. On May 1, 1906, the defendant was the owner of shares of the capital stock of a foreign corporation, organized and having its property in the state of Washington, where it paid taxes on its property, of the value of $20,000, none of which was listed for taxation, either by the defendant, or the assessor, or any board of equalization, and was not included in or covered by the item of "credits." The corporation owned no property in this state. On that day the defendant was the owner of credits to the amount of $13,600, none of which was listed by him. He was then indebted in the sum of $61,500, but he failed at any time to make any affidavit stating the residence of any person to whom he owed any debt and its character. He stated, in reference to his indebtedness, in an affidavit presented to the board of equalization, this: "Owing to banks, $20,000; owing to individuals, $41,500"—and nothing more. Nor did he on the trial, nor at any time so far as the record discloses, make this statement as to his indebted-

ness any more specific, except to state that $21,000 of it was for the purchase price of the stock.

The trial court, as a conclusion of law, found that the defendant was not entitled to deduct from his credits an indebtedness owed by him, because he had failed to make an affidavit as required by R. L. 1905, § 836, and that no part of the tax claimed by the state could be sustained by reason of the stock owned by the defendant, as it was never listed or assessed for taxation in the year 1906. This left the aggregate amount of the assessment $17,335, and the tax was reduced accordingly.

1. The assignments of error on the part of the defendant are to the effect that the assessment was arbitrary and void; hence the court erred in holding any portion of the tax valid, and also in adjudging that the defendant by his failure to return a list of his personal property for taxation lost the right to offset his debts against his credits, and, further, that the judgment deprives the defendant of his property without due process of law. The question so raised must be determined with reference to the precise facts of this case and the statute and judicial decisions of our own state relating to the assessment of personal property for taxation and the collection of the same.

Now the short, unpoetic facts of this case are that the defendant made no return of his taxable personal property to the assessor as the law required; that the assessor, in default of such return, arbitrarily assessed and valued his credits in the sum of $50,000, which presumably he believed to be the true value thereof, in the absence of definite information which the defendant might have furnished but did not; that he had notice of such assessment, and appeared before the board of equalization, and filed an affidavit as to his credits and debts, which as to his debts was clearly insufficient, if he desired to have deducted his debts from his credits; and, further, that on the trial the tax on credits was sustained only to the extent of their actual value, without any deductions for debts. It is clear that, if the defendant by the decision of the court is required to pay a greater tax than he would have been required to pay if there had been a deduction of his debts from his credits, it is the result of his own failure to comply with the law, and not of any arbitrary action of any public officer or erroneous decision of the court. This conclusion follows from the decisions of this

court, which are to the effect that the right to deduct debts from credits for the purpose of taxation is purely a statutory one; hence the legislature may withhold the right or grant it on such conditions as it deems proper.. Our statute (R. L. 1905, § 836) gives the right only upon the express condition that the person claiming the deduction makes an affidavit stating the names and residences of the persons to whom he owes the debts, and showing that they are bona fide, and that such right can only be secured by a substantial compliance with this express condition, which is a reasonable and businesslike one. State v. Willard, 77 Minn. 190, 79 N. W. 829; State v. London & N. A. Mtge. Co., 80 Minn. 277, 83 N. W. 339. The case of State v. Northern Pacific Ry. Co., 95 Minn. 43, 103 N. W. 731, has no application to this case for the decision in that case rests upon its exceptional facts.

We hold for the reasons stated that the trial court did not err in holding that the defendant had lost his right to offset his debts against his credits, and that the judgment herein does not deprive him of his property without due process of law.

2. The appeal of the state raises the question whether shares of the capital stock of a foreign corporation, whose property is not within this state and which is taxed in the state of its origin, owned by a resident of this state is subject to taxation in this state; and, if so, did the trial court err in holding that the stock here in question could not be taken into consideration in determining the amount for which judgment should be awarded? R. L. 1905, § 794, and section 797, subd. 10, provide that:

"Property Subject to Taxation.—All real and personal property in this state, and all personal property of persons residing therein, including the property of corporations, banks, banking companies, and bankers, is taxable, except such as is by law exempt from taxation."

"Personal Property Defined.—Personal property, for the purposes of taxation, shall be construed to include":

"10. All shares in foreign corporations owned by residents of this state."

This statute in express terms makes all shares in foreign corporations owned by residents of this state subject to taxation therein. The propriety and justice of such a statute is a mooted question, with which

courts have nothing to do, if it be constitutional. Counsel for the defendant contends that it is not, for the reason that it violates sections 1 and 3 of article 9 of the state constitution as to equality and uniformity in taxation, and, further, that it is double taxation of the same property. The taxation of the stock of a corporation and of its property in the same state may be admitted to be double taxation, for a certificate of stock in a corporation in its last analysis is simply the evidence of the holder's interest in the property of the corporation. The fact, however, in this case, is that the corporation, a part of whose stock the defendant owns, paid no taxes in this state on any of its property. The fact that it paid such taxes in the state of its origin is no bar to the taxation of its stock owned by a resident of this state and having a situs in the state of his domicile. The tax laws of other states have no extraterritorial force, and the rules for the taxation of property having a situs within this state are to be determined by its laws. State v. William Deering & Co., 56 Minn. 24, 57 N. W. 313.

The statute in question does not violate the mandate of our constitution as to uniformity and equality in taxation nor deny to a resident holder of shares of stock in a foreign corporation the equal protection of the laws, in that such stock is taxed, but stock of a domestic corporation is not. The constitutional provisions of this state as to equality and uniformity of taxation have reference only to property within this state, and neither the statutes of another state nor the action of its taxing officers can affect the question. In the case of a stockholder in a domestic corporation, he is taxed in this state on his interest in the corporation when the corporation pays the tax on its property; but in the case of a foreign corporation, a resident holder of its stock is not and cannot be taxed in this state on his interest in the property of such corporation, except by taxing therein his shares of stock. The result is that each of such stockholders is taxed once, and once only, on his property within the state, and that the statute, eliminating the laws and acts of taxing officers of other states, is equal and uniform in its operation as to persons and property within the state. The statute in question substantially in its present form has been in force for some thirty five years, and, so far as we are advised, this is the first time that its constitutionality has been raised in this court.

In the case of Bacon v. Board, 126 Mich. 22, 85 N. W. 307, 60 L.

R. A. 321, 86 Am. St. 524, a statute providing for the taxation of shares in foreign corporations owned by citizens of the state of Michigan and exempting from taxation shares in a domestic corporation whose property was taxed within the state was held constitutional, and that it was immaterial that the property of the foreign corporation was taxed in the state of its domicile. In the case of Kidd v. Alabama, 188 U. S. 730, 23 Sup. Ct. 401, 47 L. Ed. 669, a similar statute of the state of Alabama was held to be constitutional, and in so doing the court said: "The state of Alabama is not bound to make its laws harmonize in principle with those of other states. If property is untaxed by its laws, then for the purpose of its laws the property is not taxed at all. * * * It is said that the state may not tax a man because by fiction his property is within the jurisdiction, and then discriminate against him upon the fact that it is without. The state does nothing of the kind. It adheres throughout to the fiction, if it be one, that the stock, the property of the plaintiff in error, is within the jurisdiction."

We hold sections 794 and 797, R. L. 1905, providing for the taxation of all shares of stock in foreign corporations owned by residents of this state, to be constitutional.

The last question to be considered is whether the trial court erred in holding, in effect, that the value of defendant's stock could not be taken into consideration in determining the amount of his taxes for which judgment should be awarded. It is obvious that the stock was neither listed nor assessed, nor intended to be. We have, then, a case where a party is cited to appear in court and show cause why judgment should not be taken against him for a specified amount of taxes based upon an assessment of household goods and other named property and credits. He appears and shows that he had less than one-half the amount of credits he was assessed for; but it appears that he had stock which the court held taxable exceeding the deficiency in the amount of credits for which he was assessed. The question is whether the court can, then and there, render judgment for the full amount claimed for personal property taxes by treating the credits as if they had been listed, valued, and the tax levied thereon. It is certain that this could not have been done under our former system of collecting personal property taxes; for it would be, in effect, the making of a new assess-

ment and levy by the court. Thompson v. Davidson, 15 Minn. 333 (412); Jaggard (Minn.) Tax. 342.

In the case cited it was held that a tax assessed upon a quantity of wheat attempted to be listed under the head of household goods was invalid. It is provided by our present system of collecting taxes by proceedings in court that the citation shall be prima facie evidence that all provisions of law relating to the assessment and levy of taxes have been complied with, and that no omission in the proceedings prior to the issuance of the citation shall be a defense, unless it is made to appear that such omission has resulted to the prejudice of the party objecting. R. L. 1905, § 896. It is the claim of the state, in effect, that by virtue of this statute the trial court should have sustained the entire tax, for the reason that the defendant ought to have been assessed for personal property in the sum exceeding the full amount of his assessment; hence he was not prejudiced. The statute in question is a remedial one, and must be and has been liberally construed, to the end that the claim of the state for its just and necessary revenue may not be defeated by technical defenses; but it was not intended to deprive property owners of the benefit of statutory safeguards and meritorious defenses. In re Cloquet Lumber Co., 61 Minn. 233, 63 N. W. 628.

The case of State v. Duluth Gas & Water Co., 76 Minn. 96, 78 N. W. 1032, 57 L. R. A. 63, illustrates the character of irregularities which will be disregarded unless prejudice is shown. In that case the property of the defendant in question was in fact assessed by the assessor and the assessed valuation increased by the county board and auditor; but the method of such assessment and increase was irregular. Nevertheless judgment was awarded for the full amount of taxes claimed, because it did not appear that the property was overvalued by the increase; hence there was no prejudice. Such, however, is not the case at bar, for there never was any attempt to assess the stock; that is, it was property omitted in the assessment of 1906 and liable to be placed by the county auditor, not by the court, on the assessment and tax books for that year. R. L. 1905, § 803. If the trial court had taken into consideration such omitted property in determining the amount of the judgment to be awarded in this case, it is difficult, in view of section 803, to see why the defendant would not have been substantially prej-

udiced thereby. We hold that the court correctly excluded the omitted stock as a factor in determining the amount of the judgment in this case.

Judgment affirmed on both appeals.