# City of Birmingham v. O'Connell.

### Violating Municipal Ordinance.

(Decided April 20, 1915. Rehearing denied May 11, 1913.
68 South. 586.)

1. *Licenses; Delegated Power; Levy.*—As the legislature alone has authority to delegate to a municipality the power to levy a license tax, it has the authority to put a limitation on that power to any extent it may choose, except insofar as it may be restrained by the Constitution.

2. *Statutes; Partial Invalidity; Effect.*—The provisions of section 36F, Acts 1909, p. 188, that the maximum amount of privilege or license tax which the several municipalities in the state may annually collect from water works companies, whether incorporated or not, shall not exceed two per centum of the gross receipts of the business, is independent of and not contingent upon the validity of the proviso therein contained that the amount paid by such persons or corporations as an intangible property tax to such municipality shall be allowed as a credit on and against the privilege tax; whether the proviso be construed as an exemption or as a further limitation on the municipality, its invalidity would not render the whole section invalid, but the section would stand with the proviso stricken therefrom.

3. *Constitutional Law; Licenses.*—The provisions of section 221, Constitution 1901, are not violated by section 36F, Acts 1911, p. 188, providing that the maximum amount of license tax which municipalities may collect of water works companies, etc., shall not exceed two per centum of the gross receipts, if the proviso thereof be stricken.

4. *Same.*—An ordinance levying a municipal license tax of $18,000 per annum on persons operating water works, which amount is $7,000 in excess of the two per centum of the gross receipts of such water works, violates section 36F, Acts 1911, p. 188, and is therefore inoperative.

5. *Licenses; Exemption; Constitutional Provision.*—The provision of section 221, Constitution 1901, was enacted for the benefit of municipalities, and a municipality may seek protection from the courts upon the violation by the legislature of that provision of the Constitution.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

D. J. O'Connell was convicted in the recorder's court of the city of Birmingham of a violation of the municipal license tax on waterworks, and appealed to the cir-

[City of Birmingham v. O'Connell.]

cuit court, where he was discharged. From the order discharging him the city appeals. Affirmed.

ROMAINE BOYD, and JOSEPH P. MUDD, for appellant.

PERCY, BENNERS & BURR, for appellee.

THOMAS, J.—The appellee, O'Connell, after his conviction in the recorder's court of the appellant city for violation of a municipal ordinance, which prohibited, under penalty, any person, firm, or corporation from engaging in the business of supplying water for public or domestic purposes without first paying for and taking out a license therefor in the sum as required by the ordinance, appealed to the circuit court of Jefferson county, where he was discharged, upon the ground that the ordinance with the violation of which he was charged was void as in contravention of section 36F of an act of the Legislature, approved March 31, 1911, and entitled "An act to further provide for the revenues of the state of Alabama" (Gen. Acts 1911, p. 159), which said section reads as follows: "The maximum amount of privilege or license tax which the several municipalities within the state may annually assess and collect of persons, firms or corporations operating street railroads, electric light companies, gas companies, steam-heating companies, and waterworks companies under the laws of this state or any other state or whether incorporated at all or not, shall not exceed two per centum of the gross receipts of said business of such persons, firms, or corporations, provided, however, that the amount paid by such persons, firms, or corporations as intangible property tax to such municipalities shall be allowed as a credit on and against the said privilege or license tax."

The ordinance here in question, and so declared void, levied as a municipal license or privilege tax on persons, firms, or corporations operating waterworks companies within the municipality (the business in which appellee was engaged) a flat tax of $18,000 per annum, without any reference to the gross receipts of such companies, and without providing for the allowance on such license or privilege tax of any credit to such companies for taxes paid by them on their intangible property to said city during the year. It is admitted in the agreed statement of facts, upon which the case was tried, that 2 per cent. of the gross receipts from appellee's waterworks business for the year for which the license or privilege tax here in issue was exacted did not exceed $11,-000. Undoubtedly, therefore the ordinance, as applied to appellee, is void, at least as to the excess of the tax required by it above 2 per cent. of his gross receipts, provided said section 36F, as before quoted, of the act cited is constitutional, because clearly said ordinance contravenes said section in that the amount of the license tax ($18,000) fixed by said ordinance is in excess, as seen, of the 2 per cent. gross receipt limitation as prescribed by the section, exceeding it by $7,000, to say nothing of the fact that said ordinance further contravenes said section in failing to allow, as is required by the proviso contained in said section, on the license tax so levied, credit for the amount paid by the licensee on intangible property. It may be, however (though it is a matter which we need not and do not decide or consider), that the said proviso of section 36F, if valid, is self-executing and that it would not be necessary to the validity of an ordinance, otherwise valid, that the proviso be incorporated therein. The city of Birmingham prosecutes this appeal and

urges that said section 36F is itself void, and that, being so, it furnished no impediment to the valid enactment of the ordinance in toto, and that such section (36F) is so void upon two grounds, in substance, to wit: (1) It violates section 221 of the Constitution of the state of Alabama, which provides that: "The Legislature shall not enact any law which will permit any person, firm, corporation, or association to pay a privilege, license, or other tax to the state of Alabama, and relieve him or it from the payment of all other privilege or license taxes in the state"—in that by the proviso contained in the section (36F) the municipality is required to deduct from the license tax of not exceeding 2 per cent. of the gross income, to which the municipality is limited, the amount of the tax which such companies may have paid to the city on their intangible assets—the effect of which, it is insisted, is to deny the city the right to levy a license or privilege tax, when the taxes paid by such companies on their intangible property equal or exceed 2 per cent. of their gross receipts, so that as to such companies section 36F indirectly has the effect, it is urged, of relieving them of all other license or privilege taxes when they have paid the state license tax required by subdivision 35 of section 2361 of the Code. (2) It violates sections 1 and 35 of the Constitution of Alabama and the fourteenth amendment to the Constitution of the United States, in that, by requiring in the proviso mentioned the allowance on the said license tax of a credit for the amount of all taxes paid on intangible assets, it arbitrarily discriminates between companies which have paid an intangible property tax to the municipality and those which have not, as well as between companies which have paid intangible property taxes of different amounts.

(1) It will be observed that both of these contentions predicate the invalidity of said section 36F upon the fact that it contains the proviso mentioned. Each, therefore, concedes that but for the proviso the section would be a constitutional enactment, as undoubtedly it would, since the Legislature, which alone has the authority to delegate to a municipality the power to levy a license tax, has the authority to put a limitation upon that power to any extent it may choose, except in so far as it may be restrained by the Constitution (27 Am. & Eng. Ency Law [2d Ed.] 874), which contains no restraint in this particular in favor of the municipalities other than said section 221, before quoted, and which is certainly not offended by section 36F, when the mentioned proviso found therein is annulled or left out.—*Bozeman v. State,* 7 Ala. App. 151, 61 South. 604; *Ex parte Bozeman,* 183 Ala. 91, 63 South. 201.

(2, 3) Assuming, then, for purposes here, without deciding, the invalidity of the proviso, it is clear that if the remainder of the section (36F) can stand with the proviso stricken therefrom because void, the ordinance here under consideration is still invalid, as applied to the appellee, because the amount of the license tax it levies is in excess, as before seen, of the limitation thereon as fixed by said remaining portion of section 36F, to wit, in excess of 2 per cent. of the gross income of the wateworks company. The rule is that: "Where a statute contains valid and invalid provisions, and the invalid parts can be stricken from the act and leave an enactment 'complete within itself, sensible, capable of being executed and wholly independent of that which is rejected,' the enactment will be upheld and enforced as to that which is valid."—*Harper v. State,* 109 Ala. 28, 19 South. 857. Or, as has been said by

[City of Birmingham v. O'Connell.]

Judge Cooley, quoted approvingly in *Kentz v. Mobile,* 120 Ala. 623, 24 South. 952: "Where  *   *   *   a part of the statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, yet be perfectly distinct and separate, so that the first may stand and the last fall.   *   *   *   If when the unconstitutional portion is stricken out that which remains is complete in itself, and capable of being executed according to legislative intent, wholly independent of that which was rejected, it must be sustained."—*M. & O. R. R. Co. v. State,* 29 Ala. 573; *Lowndes Co. v. Munter,* 49 Ala. 507; *Davis v. Minge,* 56 Ala. 21; *Bradley v. State,* 99 Ala. 177, 13 South. 415; *Randolph v. B. & B. Supply Co.,* 106 Ala. 501, 17 South. 721.

In the case of *McLendon v. State,* 179 Ala. 54, 60 South. 392, our Supreme Court had under consideration the question of the constitutionality of section 33½ of the same act of the Legislature before cited that contains section 36F now before us, which section 33½, after levying an annual license tax of $5 on lawyers and other professional classes therein enumerated, undertook, in a concluding proviso, to exempt from the tax all Confederate soldiers engaged in such professions; and our Supreme Court held that the exemption was void, on constitutional grounds not here involved, however, and, that being void, the whole section must fall, because clearly it evinces a legislative intent not to levy

the tax at all unless the Confederate soldiers are exempted from its operation. Say our Supreme Court on this matter: "To hold that the proviso creating the exemption in favor of ex-Confederate soldiers could be stricken out, and the license tax enforced against all persons [including Confederate soldiers] pursuing the vocations specified would be in effect to make a statute materially different from that enacted by the Legislature; for this act, by its very terms, imposes the tax on the express condition that it shall not operate on [Confederate soldiers] the exempted class."—*McLendon v. State, supra.*

Here the situation is clearly different, both as to the language, character, and purpose of the section (36F) under consideration. It does not levy any tax whatsoever. In its body and as its leading purpose it is merely and manifestly only a limitation upon the power of the municipality to tax certain classes of business, limiting it as to the amount of the license or privilege tax which it may levy upon such businesses, by declaring in clear, unambiguous, and unconditional terms that the "maximum amount of privilege or license taxes which the several municipalities of the state may annually assess and collect of persons, firms, or corporations" engaged in such businesses as therein specified "shall not exceed two per centum of the gross receipts" therefrom; and in its concluding paragraph, added by way of a proviso, it seeks, in effect, it seems, to relieve or to exempt such persons, firms, or corporations from that tax to the extent that they have paid taxes to the municipality on their intangible property. This exemption, if it may properly be called such, may fail and yet furnish no reason for a failure of the limitation, as the two are separable and distinct, not depending one upon

the other.—*Montgomery v. Royal Ex. Co.*, 5 Ala. App. 318, 59 South. 508, and authorities supra; 6 Ruling Case Law, 121 et seq.

On the other hand, the same result will follow if, instead of construing the proviso as an exemption to the companies, we construe it as a further limitation on the municipality; further limiting it as to the amount of the license tax it may levy and collect from the companies specified in the section (which is probably the correct construction), it by no means follows that because the last limitation fails the first should fail also. The two are not interdependent. The validity of the first is not made contingent or conditional upon the validity of the second. The legislative purpose, manifest in the section was to protect (whether wisely or not is not for us to say) public utility corporations of the class specified from the power of municipalities to tax —a power which, unrestrained, is the power to destroy —and it cannot, we think, rationally be said from an examination of the section here that the Legislature intended that if the last limitation on the municipality should prove abortive, the first should also.—Authorities, supra.

(4) Conceding, therefore, without deciding, which becomes unnecessary and upon which we express no opinion whatever, that the mentioned proviso of section 36F is unconstitutional and void on both of the grounds urged in appellant's brief, it may be stricken, and when done the section, as it will remain, is "complete in itself, capable of being enforced according to legislative intent, wholly independent of that which is rejected." —Authorities supra; 6 Ruling Case Law, 121 et seq. The ordinance being in conflict therewith, as applied to appellee, the lower court did not err in discharging him.

This disposition of the case also renders it unnecessary to dispose of the question presented in appellee's brief, raising the point as to whether or not appellant city could attack the constitutionality of section 36F, as in violation of sections 1 and 35 of our Constitution and the fourteenth amendment to the Constitution of the United States, in that it arbitrarily discriminated, in violation of those provisions, as alleged in one ground of the attack here, between companies which have paid an intangible property tax and those which have not, etc.

(5) As to whether appellant city could attack the section (36F) on such ground, we refrain from expressing any opinion, since it was found to be amply sufficient to the consideration here given and the disposition here made of the case that appellant could attack, and did also attack, said section on the ground that it violated section 221 of our state Constitution, which latter section was undoubtedly enacted for the benefit of municipalities, and for an invasion of which by the Legislature they might therefore certainly seek protection from the courts.—*Bozeman v. State, supra; Ex parte Bozeman, supra.*

It follows from what we have said that the judgment appealed from must be and is affirmed.

Affirmed.