[Ex Parte City of Birmingham v. O'Connell.]

# *Ex Parte* City of Birmingham *v.* O'Connell.

### License Tax.

(Decided June 17, 1915.   Rehearing denied December 2, 1915.
70 South. 184.)

1. **License; Tax; Constitutionality.**—The provisions of § 36F, Acts 1911, p. 188, do not violate the inhibition of § 221, Constitution 1901, since the section does not permit payment to the state of a privilege or license tax to exonerate from the payment of other privilege or license tax, but merely fixes the maximum amount of the license tax to be exacted by municipalities, tolling that by the sum paid to the municipality on intangible property.

2. **Constitutional Law; Classification; Equal Protection.**—The provisions of § 36F, Acts 1911, p. 188, when considered in connection with other pertinent tax laws, are not violative of any of the provisions of the Constitution of Alabama, or of the Fourteenth Amendment to the Federal Constitution as an attempted arbitrary or unreasonable classification of persons or corporations, since the state may classify appropriate objects of taxation, and a distinction may be taken and made effective in a statute that is grounded in substantial consideration suggestive of equity and natural justice.

CERTIORARI to Court of Appeals.

Petition by the city of Birmingham for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of *City of Birmingham v. O'Connell,* 13 Ala. App. 570, 68 South. 586. Writ denied.

ROMAINE BOYD, and J. P. MUDD, for appellant. PERCY, BENNERS & BURR, for appellee.

By direction of the court Mr. Justice McCLELLAN prepared the following opinion for the court:

The city of Birmingham levied a license tax on waterworks companies for the year 1912 which the Birmingham Waterworks Company refused to pay, on the ground that it was exempt from said tax under section 36f of the statute entitled "An act to further provide for the revenues of the state of Alabama," approved March 31, 1911.—Acts 1911, p. 159. D. J. O'Connell, appellee in the Court of Appeals, who was the superintendent of the company, was arrested and convicted in the recorder's court of Birmingham on a charge of conducting a business without having first taken out the license prescribed

therefor. On his appeal the circuit court held that section 36f was valid and that, in consequence, the license fee exacted of the waterworks company by the city's ordinance, which was in conflict with provisions of section 36f, was invalid, and accordingly discharged the company's superintendent. The city brought its appeal to the Court of Appeals, where the judgment of the circuit court was affirmed for reasons set forth in its opinion reported in 13 Ala. App. 570, 68 South. 586. The city now seeks the review and reversal of the judgment of the Court of Appeals (Const. 1901, § 140) affirming the judgment of the circuit court whereby O'Connell was acquitted and discharged. This court concurs in the conclusion attained and given effect by the Court of Appeals, but upon different considerations and grounds from those on which the Court of Appeals rested its conclusion and judgment in the premises.

The question is whether section 36f is violative of the Constitution of Alabama and of the Fourteenth Amendment of the Constitution of the United States? Section 36f is as follows: "36f. The maximum amount of privilege or license tax which the several municipalities within the state many annually assess and collect of persons, firms, or corporations operating street railroads, electric light companies, gas companies, steam heating companies, and waterworks companies under the laws of this state or any other state or whether incorporated at all or not, shall not exceed two per centum of the gross receipts of said business of such persons, firms, or corporations, provided, however, that the amount paid by such persons, firms, corporations as intangible property tax to such municipalities shall be allowed as a credit on and against the said privilege or license tax."— Acts 1911, p. 188.

(1) 1. Section 221 of the Constitution of Alabama reads: "The Legislature shall not enact any law which will permit any person, firm, corporation, or association to pay a privilege, license, or other tax to the state of Alabama, and relieve him or it from the payment of all other privilege and license taxes in the state."

This court, in *Ex parte Bozeman,* 183 Ala. 91, 63 South. 201, gave consideration to this section (221) of the Constitution; but the decision then made is not applicable to the status now presented by section 36f. See, also, *Bozeman v. State,* 7 Ala. App. 151, 61 South. 603, for opinion of the Court of Appeals.

[Ex Parte City of Birmingham v. O'Connell.]

This court is of the opinion, and so holds, that section 36f does not fall within the restrictive provisions of section 221 of the Constitution. It does not permit the payment to the sate of Alabama of a privilege or license tax, and thereupon exonerates any person, firm, corporation, or association from the payment of all other licenses or privilege taxes in the state. Section 36f does no more than fix the maximum amount of the license taxes, in the instances therein specified, to be exacted by municipalities, tolling or crediting that by the sum paid by the licensee on intangible property to the municipality. The section does not purport, nor intend, to exonerate the licensee, within the terms of the section, from any other license or privilege taxes. It simply and only fixes a rule for municipal privilege or license taxes. The court does not think the matter is at all debatable, whatever reasonable interpretation is accorded section 221 of the Constitution.

(2) 2. There is, of course, no questioning of the power of the state to validly classify appropriate objects of taxation. The question raised and urged is that section 36f attempts an arbitrary, unreasonable classification of persons, corporations, etc., for the purpose of their subjection to license or privilege taxes by municipalities, thereby, without legal basis or reason, exonerating some to the disadvantage of others not exempted by the proviso written in section 36f. This section may be taken as creating two classes for the exaction, within the maximum of 2 per cent. of the gross receipts of the business done, of sums for the privilege enjoyed, viz., one composed of those who have paid taxes on their intangible property, and one composed of those who have not paid any taxes on intangible property. The classification, as respects the amount of the license fee collectible, is based, as appears, upon the fact of payment of another character of tax. Is the fact of such payment a valid, differentiating consideration or condition upon which to rest a classification of the nature and effect provided by section 36f?

This court is of the opinion that satisfactory reason and authority justify the conclusion that such a classification is well grounded, and that, being so warranted, there is wrought by the section no illegal or unwarranted discrimination against any effected by the section; that the section in and of itself, or when considered in connection with other pertinent tax laws, does

not offend any provision of the Constitution of Alabama nor the Fourteenth Amendment to the Constitution of the United States. There are decisions cited on the brief for the city of Birmingham and reasonable deductions from decisions elsewhere delivered that afford bases for a contrary contention; but they are not so persuasive as to justify contrary conclusion. The matter presented for decision in *Kidd v. Alabama*, 188 U. S. 730, 23 Sup. Ct. 401, 47 L. Ed. 669, arose out of a statute of this state which exempted from taxation in this state the stock of domestic and foreign railroad companies that listed for taxation here substantially all of their property. A classification of particular objects of taxation in Alabama was by the statute effected. It readily appears that the distinction made in that instance was predicated of a condition created by the presence or the absence of a listing for taxation of substantially all of the property of the corporation concerned, the failure to list substantially all of its property for taxation requiring the taxation of the corporation's stock, and, on the other hand, the act of so listing its property gave the corporation exemption from taxation on its capital stock. In that case the Supreme Court (Justice Holmes writing), said: "We see nothing to prevent a state from taxing stock in some domestic corporations and leaving stock in others untaxed on the ground that it taxes the property and franchises of the latter to an amount that imposes indirectly a proportional burden on the stock."

The statute or system there brought into question was pronounced not offensive to the Fourteenth Amendment—a conclusion that could not have prevailed if the distinction or classification on which the statute's exemption was based had been arbitrarily or illegally discrimnatory. This decision is, as we understand it, rested upon the affirmative fact that a distinction in respect of taxation may be taken and made effective in a statutory system; that is, grounded in substantial considerations suggestive of equity and natural justice in the imposition of the burdens of taxation. There the distinction underlying the prescribed exemption was predicated of the listing or nonlisting for taxation of other property. Here the distinction in consequence of which the credit provided by the proviso is prescribed is predicated of payment of taxes on intangible property by the licensee. We can see no difference in the applica-

bility 'of the principal. It has common application to both the *Kidd Case* and the case under consideration. If assessment of other property is a sound basis for a distinction governing the taxation of capital stock, surely the payment of taxes on intangible property is a valid ground upon which to toll the amount exacted for a license fee to a municipality. The considerations that justified the taking and making effective of the distinction, classification, in the *Kidd Case* are and should be equally potent in and applicable to the case in hand. The lawmakers may, as doubtless they did, deem the payment by those described in section 36f of municipal taxes on their intangible property to have "indirectly" subjected them "to a proportional burden" that the license or privilege tax of 2 per cent. on their gross receipts imposed. These decisions conclude in principle, if not in point, in support of the validity of section 36f: *Metropolitan Ry. Co. v. New York,* 199 U. S. 1, 46, 47, 25 Sup. Ct. 705, 50 L. Ed. 65, 4 Ann. Cas. 381; *State v. Willingham,* 3 Wyo. 290, 62 Pac. 797, 52 L. R. A. 198, 87 Am. St. Rep. 948; *Knoxville R. R. Co. v. Harris,* 99 Tenn. 684, 43 S. W. 115, 53 L. R. A. 921; *Darnell v. Indiana,* 226 U. S. 398, 33 Sup. Ct. 120, 57 L. Ed. 267; *City of Montgomery v. Royal Exchange Assur. Corp.,* 5 Ala. App. 318, 59 South. 508.

Our case of *City Council, etc., v. Kelly,* 142 Ala. 552, 559, 38 South. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43, is not opposed to the view prevailing in this court. The ordinance there pronounced void was found by the court to be but the expression of an unjustifiable, wrongful purpose to penalize a tradesman engaged in an innocent business because of the mere method or manner in which he conducted his business. No such wrongful purpose can be found in section 36f.

The petition for the writ of certiorari to the Court of Appeals is denied.

Writ denied.