[Civ. No. 2304. Fourth Appellate District.—July 18, 1939.]

RALPH D. LACOE, Appellant, v. COUNTY OF SAN DIEGO (a Body Corporate and Politic), Respondent.

Holbrook & Tarr and W. Sumner Holbrook, Jr., for Appellant.

James B. Abbey, District Attorney, and V. C. Winnek, Deputy District Attorney, for Respondent.

BARNARD, P. J.—This is an action to secure a refund of taxes alleged to have been illegally collected. The plaintiff owned stock in certain corporations, the assets of which were located wholly or in part outside of California. For the years 1933–1934, 1934–1935, 1935–1936 these stock certificates were assessed in so far as their value represented property outside of this state. In due course, this action was brought resulting in a judgment in favor of the county, from which the plaintiff has appealed.

 Appellant's first contention is that section 3608 of the Political Code, properly interpreted, invalidates such a tax as the one here in question and requires a reversal of the judgment. In two cases the Supreme Court of this state has held in favor of the legality of such a tax. (*Chesebrough* v. *San Francisco,* 153 Cal. 559 [96 Pac. 288] ; *Canfield* v. *County of Los Angeles,* 157 Cal. 617 [108 Pac. 705].) In the first of these cases, the court said :

"Section 3608, while declaring that no shares of the stock shall be assessed, is to be read in the light of the preliminary language of the section declaring the reason why it should not be, and was intended to mean only, that as shares of stock represent the value of the property of the corporation, so when all the property of the corporation in the state is taxed it would be double taxation to assess both, and that where all the property of the corporation was assessed the shares of stock should not be. It was not meant or intended that if less than the aggregate value of the property of the corporation was assessed in this state, that the actual value of the corporate stock in excess of the value of the corporate property so assessed should not be taxed here. It means only that when the aggregate property of the corporation is assessed in this state, shares of stock of the corporation shall not be assessed, but that if all such property is not here assessed, the actual value of such stock, less the value of the corporate property which is assessed here, shall be taxed."

In that case the court further said:

"But section 3608 cannot be extended so as to exempt such shares from taxation when all the assets of the corporation are not taxed in this state by reason of the fact that some of them

are beyond its jurisdiction. Neither is it of moment that the tangible property of the corporation is situated in some other state and has there been taxed. The fact that some of the property of the corporation is assessed in another state or country is no prohibition of the taxation of the shares of stock held here. This does not constitute taxation of all the property of the corporation within the terms of the section. The inhibition of double taxation only applies to such taxation in the same state or government.''

The appellant contends that these cases are no longer controlling, or in point. It is argued that the reason given in the Chesebrough case for upholding such a tax was that a section of the state Constitution required all property to be taxed, and that this reason has now been removed by the addition of section 14 to article XIII of the state Constitution in 1933, a part of which provides that the legislature may exempt any kind of personal property from taxation. Aside from other considerations, it may be observed that the portion of the opinion in the Chesebrough case to which appellant refers, merely commented on what would be the situation if section 3608 were interpreted as exempting property of this nature from taxation. However, the court interpreted that section as permitting the taxation of such property and the decision in these two cases is still controlling on the first question here raised by the appellant.

 It is next argued that section 3608 of the Political Code, if interpreted as permitting the taxation of such property as this, which merely represents property situated in another state, violates the equal protection clause of the Fourteenth Amendment to the federal Constitution, and is also discriminatory against the appellant as a citizen of the United States, in a sense forbidden by that amendment. While it is conceded that property may be classified for the purposes of taxation it is argued that the taxing of corporate shares in this state, to the extent of the value of assets of the corporation which are without the state, results in a classification which must be based solely on the location of the assets of the issuing corporation or based solely upon the admitted impossibility of taxing in this state tangible property which is located out of the state, and that either of such classifications is arbitrary, unreasonable and based upon no ground of difference which has a fair and substantial relation to the object

of the legislation. The appellant overlooks the fact that such a classification may be based upon the ground that such shares of stock represent valuable property in this state which would not otherwise be taxed here, although similar property, consisting of corporate shares representing assets which are located in this state, are taxed here under other statutes.

In principle, the proposition here advanced was decided adversely to this appellant in the case of *Kidd* v. *Alabama,* 188 U. S. 730 [23 Sup. Ct. 401, 47 L. Ed. 669]. In that case, the court said:

"We say that the state in taxing stock may take into account the fact that the property and franchises of the corporation are untaxed, whereas in other cases they are taxed; and we say untaxed, because they are not taxed by the state in question. The real grievance in a case like the present is that, more than probably, they are taxed elsewhere. But with that the state in Alabama is not concerned. . . .

"It is said that the state may not tax a man because by fiction his property is within the jurisdiction, and then discriminate against him upon the fact that it is without. The state does nothing of the kind. It adheres throughout to the fiction, if it be one, that the stock, the property of the plaintiff in error, is within the jurisdiction. There is no inconsistency in the state's recognizing at the same time that the property of the corporation, that which gives the plaintiff's stock its value, is taxed or untaxed, as the case may be. There is no inconsistency in recognizing that it is untaxed because it cannot be reached. Shares of stock may be within a state, and the property of the corporation outside it."

The decision in that case was followed and applied in the later case of *Darnell* v. *Indiana,* 226 U. S. 390 [33 Sup. Ct. 120, 57 L. Ed. 267], in which the court said: "The only difference of treatment disclosed by the record that concerns the defendants is that the state taxes the property of domestic corporations and the stock of foreign ones in similar cases. That this is consistent with substantial equality notwithstanding the technical differences was decided in *Kidd* v. *Alabama,* 188 U. S. 730, 732 [23 Sup. Ct. 401, 47 L. Ed. 669]."

The appellant contends that the two cases last referred to have been overruled by more recent decisions of the United States Supreme Court, citing *Senior* v. *Braden,* 295 U. S. 422 [55 Sup. Ct. 800, 79 L. Ed. 1520, 100 A. L. R. 794]; *Schuyl-*

*kill Trust Co.* v. *Commonwealth of Pennsylvania,* 296 U. S. 113 [56 Sup. Ct. 31, 80 L. Ed. 91]; *Colgate* v. *Harvey,* 296 U. S. 404 [56 Sup. Ct. 252, 80 L. Ed. 299, 102 A. L. R. 54]. It is also contended that the instant case falls within the rules laid down in *Selliger* v. *Commonwealth of Kentucky,* 213 U. S. 200 [29 Sup. Ct. 449, 53 L. Ed. 761].

In *Selliger* v. *Commonwealth of Kentucky, supra,* certain whiskey had been shipped to Germany and the state of Kentucky attempted to tax German warehouse receipts which had been issued therefor. It was held that while the warehouse receipts represented the whiskey the whiskey itself, having been exported, could not be taxed under constitutional provisions and that, therefore, the warehouse receipts, representing the same thing, were subject to the same rule.

In *Senior* v. *Braden, supra,* a tax on the income from certificates of beneficial interest in a trust, the *corpus* of the trust being land both in and out of the state, was held invalid on the ground that the certificates constituted interests in land, it having been conceded that the state had no power to tax interests in land beyond its borders. The only question presented in that case was whether or not these certificates constituted interests in land. Conceding that the interests represented by such trust certificates may be similar in some respects to the interests represented by shares of stock in a corporation, there are also marked differences between the two and many differences between the laws affecting real estate and those affecting corporations and corporate stock. Nothing in this case can be taken as overruling the principles laid down in *Kidd* v. *Alabama, supra.* Moreover, in arguing that a different rule should be applied in that particular case Justice Stone, in the dissenting opinion in *Senior* v. *Braden, supra,* says: "No one would doubt the constitutional power of a state to tax its residents on their shares of stock in a foreign corporation whose only property is real estate or chattels located elsewhere."

In *Schuylkill Trust Co.* v. *Commonwealth of Pennsylvania, supra,* a tax on the assets of a trust company was held invalid because the law permitted a deduction on account of shares of stock in Pennsylvania corporations which were owned by the trust company, but did not provide for a corresponding deduction on account of shares of a national bank and on account of exempt securities issued by the United States and

other federal agencies, which shares and securities were also owned by the trust company. The judgment was reversed entirely because of this discrimination.

In *Colgate* v. *Harvey, supra,* the court declared unconstitutional a portion of a Vermont statute which, in levying an income tax, allowed as a deduction certain interest received on money loaned within the state, which deduction was not allowed upon similar income received as interest upon loans made outside of the state. In the same case, however, the court passed upon another provision of the statute imposing a tax upon dividends earned outside of the state, from which tax dividends earned within the state were exempt. This tax was upheld upon the ground that dividends earned within the state were subject to another tax and that, therefore, the classification was a proper one. In that case the court said:

"The boundary between what is permissible and what is forbidden by the constitutional requirement has never been precisely fixed, and is incapable of exact delimitation. In the great variety of cases which have arisen, decisions may seem to be difficult of reconcilement; but investigation will generally cause apparent conflicts to disappear when due weight is given to material circumstances which distinguish the cases. If the evident intent and general operation of the tax legislation is to adjust the burden with a fair and reasonable degree of equality, the constitutional requirement is satisfied."

And, after discussing the principles of classification of property for tax purposes, the court further said:

"The classification, in order to avoid the constitutional prohibition, must be founded upon pertinent and real differences, as distinguished from irrelevant and artificial ones. The test to be applied in such cases as the present one is: Does the statute arbitrarily and without genuine reason impose a burden upon one group of taxpayers from which it exempts another group, both of them occupying substantially the same relation toward the subject-matter of the legislation?"

Although it was there held that a tax on income from money loaned outside of the state was invalid when similar income from money loaned within the state was not taxed, it was also held that a tax on dividends received from a corporation, which income was earned outside of the state, was valid because a proper basis for classification existed in that such corporate earnings were not subject to a tax to which simi-

lar corporate earnings within the state were subject, and because the one tax was compensated for or balanced by the other. The fact that property would otherwise bear no tax burden although similar property is taxed is a sufficient ground or basis for a separate classification of such property for tax purposes, and a statute imposing a tax thereon is not unconstitutional as denying equal protection of the laws (*Welch* v. *Henry,* 305 U. S. 134 [59 Sup. Ct. 121, 83 L. Ed. 87, 118 A. L. R. 1143].) In the instant case there was a corresponding and compensating tax where assets of a corporation were present in this state and it follows from the principles laid down in the cases cited that a proper ground for classification existed here, that the statute was not unconstitutional as denying the equal protection of the laws, and that there was no discrimination with respect to any rights to which the appellant was entitled as a citizen of the United States.

If any doubt as to the constitutionality of this tax previously existed, we think that doubt has been removed by two recent decisions of the Supreme Court of the United States. (*Curry* v. *McCanless,* 307 U. S. 357 [59 Sup. Ct. 900, 83 L. Ed. 1339, 123 A. L. R. 162] ; *Graves* v. *Elliott,* 307 U. S. 383 [59 Sup. Ct. 913, 83 L. Ed. 1356].)

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 14, 1939.